KING & SPALDING
Ann M. Cook (AC 3212)
1185 Avenue of the Americas
New York, NY 10036
Tel.: 212-556-2349
Fax.: 5212-556-2222
Attorneys for Defendant



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PUNTODUE, LLC,<br>D/B/A CASTLE STARR,<br>　　Plaintiff,<br><br>vs.<br><br>BRADLEY CAMERON,<br>　　Defendant. | JUDGE SWAIN<br><br>CIVIL ACTION FILE<br><br>NO. 08 CV 1238 |

## DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, Defendant, Bradley Cameron, timely files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and 1446, and thereby removes this civil action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. By removing this case Defendant does not waive his defense of lack of personal jurisdiction. In support of this Notice, Defendant states the following:

　　1.　Plaintiff, Puntodue, LLC, d/b/a/ Castle Starr ("Defendant"), has filed an action against the Defendant in the Supreme Court of the State of New York, County of New York (the "State Action").

Doc # 33759

2. A federal court has original diversity jurisdiction when there is complete diversity between the plaintiff and the defendant and when the amount in controversy exceeds $75,000.00, and a defendant may remove a case within thirty days of receiving a pleading from which it may be first ascertained that the action is removable. See 28 U.S.C. § 1332(a), 28 U.S.C §1441 and 28 U.S.C. § 1446.

### a) Diversity of the Parties

3. There is complete diversity between the parties.

4. According to the Complaint and Summons, Plaintiff is a New York corporation maintaining its principal place of business at 1450 Broadway, 27th Floor, 19N, New York, New York, 10018.

5. For purposes of diversity jurisdiction, an individual's citizenship is based on his domicile. Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998). An individual's domicile is where the person has "his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Id. (quoting 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3612, at 526 (2d ed.1984)). Defendant is a resident of and maintains his sole domicile in the State of Georgia. Defendant is not a resident of and does not maintain a domicile in the State of New York. (Declaration of Bradley Cameron, Attached as Exhibit A.)

### b) Amount in Controversy

1. The amount in controversy exceeds $75,000.

2. The Complaint, on its face, alleges five state law causes of action. Each of the first four causes of action overlap and seek the recovery of $21,928.20. The firth cause of action seeks damages in the amount of $450,000, far in excess of the threshold for diversity jurisdiction.

### c) Removal is Timely

3. The Complaint and Summons were filed with the Supreme Court of the State of New York, County of New York on or about January 16, 2008, and were served on Defendant on or about January 17, 2008.

4. In compliance with 28 U.S.C. §1446(b), this Notice of Removal is being filed within thirty (30) days after service of the Summons and Complaint in the State Action. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999) (holding that thirty-day time period under the removal statute begins to run from the date of formal service).

5. In compliance with 28 U.S.C. §1446(a), copies of all papers and pleadings filed in the State Action are attached to this Notice as Exhibit B.

6. As required by 28 U.S.C. §1446(d), Defendant will give written notice of this Notice of Removal to Plaintiff and will file a copy of the Notice of Removal with the Clerk of the Supreme Court of the State of New York.

7. By filing this Notice of Removal, Defendant does not waive any defenses that may be available to him.

WHEREFORE, Defendant respectfully requests that this action be removed to this Court, subject to all defenses Defendant might assert, and that this Court accept jurisdiction of this action and place this action on its docket.

Respectfully submitted, this 6th day of February 2008.

                KING & SPALDING LLP

                */s/ Ann M. Cook*

By: Ann M. Cook (AC3212)
1185 Avenue of the Americas
New York, NY 10036
Telephone: 212-556-2349
Fax: 212-556-2222

Scott G. Blews
Georgia Bar No. 063390
Taylor, Busch, Slipakoff & Duma, LLP
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
Telephone: (770) 434-6868
Facsimile: (770) 434-7376
sblews@taylor-busch.com
        *Attorneys for Defendant*

# EXHIBIT A

Case 1:08-cv-01238-LTS   Document 1   Filed 02/06/08   Page 5 of 15

## DECLARATION OF BRADLEY CAMERON

BRADLEY CAMERON, under penalty of perjury, states the following:

1. My name is Bradley Cameron. I am over the age of 18 and competent to provide the information contained in this Declaration. The information contained in this Declaration is true and correct and based on my personal knowledge.

2. My current residence is located at 3244 Andrews Court, NW, Atlanta, Georgia, 30305. I have resided exclusively in the State of Georgia for the past approximately eight years. I have no present intention to move my residence from Georgia to any other state.

3. I do not reside in the State of New York. I do not own any dwelling in New York, do not own any real property in New York, and do not rent or lease any apartment in New York. I have no intention to move to New York, and when I have visited New York in the past, I had no intention to remain in New York as a resident.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 5, 2008.

*[signature]*
Bradley Cameron

Exhibit A

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------X
PUNTODUE, LLC. D/B/A CASTLE STARR,
                    Plaintiff(s),

        -against-

BRADLEY CAMERON,   c/o ZANELLA
                   711 5 Ave #12
                   defendant(s).
                                NY NY 10022
-------------------------------------X

Index No. 1 0 0 7 2 1 / 0 8
Date Filed with Clerk of the
Court: 1-16-08
**SUMMONS and**
**VERIFIED COMPLAINT**
The basis of venue
plaintiff's residence

*Plaintiff's address:*
*1450 Broadway #27th Fl. 19N*
*NY, NY 10018*

To the above named Defendant(s):
*YOU ARE HEREBY SUMMONED* to answer the complaint in this action and to serve a coy of your answer, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service,) or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.
Dated: New York, New York
    January 15, 2008

Yours, etc.,
GERSHBAUM & WEISZ, PC.
Attorneys at Law

BY: CHARLES GERSHBAUM
192 Lexington Ave, Suite 802
New York, New York 10016
(212) 385-2121
File No.

**Defendants address:**
Mr. Bradley Cameron
3244 Andrews Court NW
Atlanta, GA 30305

NEW YORK
COUNTY CLERK'S OFFICE

JAN 16 2008

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X

PUNTODUE, LLC. D/B/A CASTLE STARR           INDEX # 100721

        Plaintiffs,             VERIFIED COMPLAINT

    -Against-

BRADLEY CAMERON,
        Defendant.
---------------------------------------------------------------X

Plaintiff complaining of the defendant, by and through their attorney, GERSHBAUM AND WEISZ, , upon information and belief, allege the following:

### AS AND FOR A FIRST CAUSE OF ACTION ON

1. At all times herein mentioned, the plaintiff was and still is a corporation organized and existing, under and by virtue of, the laws of the State of New York.

2. Upon information and belief, that at all times herein mentioned, the defendant BRADLEY CAMERON, was and still is a resident of the State of New York.

3. Upon information and belief, that at all times herein mentioned, the defendant BRADLEY CAMERON, was and still is a resident of the State of GEORGIA.

4. Upon information and belief, that at all times herein mentioned, the defendant BRADLEY CAMERON, entered into New York in order to conduct business with the plaintiff.

5. Upon information and belief, that at all times herein mentioned, the defendant BRADLEY CAMERON, entered into New York and conducted business with the plaintiff. In the State of New York.

NEW YORK COUNTY CLERK'S OFFICE
JAN 16 2008
NOT COMPARED WITH COPY FILE

6. On or about August 2, 2006, and times thereafter, plaintiff entered into an agreement whereby plaintiff agreed to pay monies to the defendant as a commission on sales.

7. That defendant was to receive a draw against the commission on sales.

8. That from August 2006 thru and inclusive of February 2007, , plaintiff delivered to defendant $3,500. per month as a draw against commissions.

9. The total draw equaled $24,500.00

10. Defendant earned a commission of only $2,571.80.

11. Plaintiff has demanded the return of the rest of the draw and defendant has refused..

12. As a result of the foregoing, the plaintiff has sustained damages in the sum of TWENTY ONE THOUSAND NINE HUNDRED AND TWENTY EIGHT DOLLARS ($21,928.20) and TWENTY CENTS plus fees, interest, costs .

## AS AND FOR A SECOND CAUSE OF ACTION

13. Plaintiff repeats, reiterates and realleges each and every allegation as set forth in paragraphs "1" through "11" as if same were set forth at length herein.

14. On or about August 2, 2006, the defendant for valuable consideration entered into a contract with the Plaintiff for sales commissions.

15. On or about August 2, 2006, a draw was set up against the future commissions.

16. That the terms of the contract provided that the draw was $3,500.00 per month.

17. That payment of the aforesaid amount by the Defendant has been demanded.

18. Defendant has failed and continues to fail to perform the conditions of the contract and has breached same although plaintiff has demanded performance in that the Defendant repay the outstanding.

19. As a result of the foregoing, the plaintiff has sustained damages in the amount of TWENTY ONE THOUSAND NINE HUNDRED AND TWENTY EIGHT DOLLARS ($21,928.20) and TWENTY CENTS plus fees, interest, costs .

## AS AND FOR A THIRD CAUSE OF ACTION

20. Plaintiff repeats, reiterates and realleges each and every allegation as set forth in paragraphs "1" through "18" as if same were set forth at length herein.

21. On or about August 2, 2006, defendant entered into an contract with plaintiff whereby plaintiff agreed to provide the defendant with a draw against future sales Commissions.

22. On or about August 2, 2006, and times thereafter, the monthly draw was paid to defendant..

23. Defendant has failed to perform the conditions of the contract and has breached same although plaintiff has demanded performance in that the defendant has refused to return the monthly draw.

24. As a result of the foregoing, the plaintiff has sustained damages in the amount of TWENTY ONE THOUSAND NINE HUNDRED AND TWENTY EIGHT DOLLARS ($21,928.20) and TWENTY CENTS plus fees, interest, costs and disbursements.

## AS AND FOR A FORTH CAUSE OF ACTION

25. Plaintiff repeats, reiterates and realleges each and every allegation as set forth in paragraphs "1" through "23 as if same were set forth at length herein.

26. That on or about August 2, 2006 and continuing to date the defendant has been unjustly enriched by retaining and using the plaintiff' monies without making sales for same.

27. As a result of the foregoing, the plaintiff has sustained damages in the amount of TWENTY ONE THOUSAND NINE HUNDRED AND TWENTY EIGHT DOLLARS ($21,928.20) and TWENTY CENTS plus fees, interest, costs and disbursements.

## AS AND FOR A FIFTH CAUSE OF ACTION

28. Plaintiff repeats, reiterates and realleges each and every allegation as set forth in paragraphs "1" through "26" as if same were set forth at length herein.

29. That on or about August 2, 2006 and continuing to date the defendant has been unjustly enriched by retaining and using the plaintiff' monies without making sales for same. That the defendant mislead the plaintiffs by saying that he was selling the product and never made any effort and or appointments to show the product.

30. As a result of the foregoing, the plaintiff has sustained damages in the amount of FOUR HUNDRED AND FIFTY THOUSAND ($ 450,000.00) DOLLARS plus fees, interest, costs and disbursements.

**WHEREFORE**, plaintiff, demands judgment against the defendant adjudging that the plaintiff is the owner and entitled to the immediate return of monies advanced be delivered to the defendant, and plaintiff, demands judgment against the defendant in

the first cause of action in the sum of TWENTY ONE THOUSAND NINE HUNDRED AND TWENTY EIGHT DOLLARS ($21,928.20) and TWENTY CENTS, demands judgment against the defendant in the second cause of action in the sum of TWENTY ONE THOUSAND NINE HUNDRED AND TWENTY EIGHT DOLLARS ($21,928.20) and TWENTY CENTS, demands judgment against the defendant in the third cause of action in the sum of TWENTY ONE THOUSAND NINE HUNDRED AND TWENTY EIGHT DOLLARS ($21,928.20) and TWENTY CENTS, demands judgment against the defendant in the forth cause of action in the sum of TWENTY ONE THOUSAND NINE HUNDRED AND TWENTY EIGHT DOLLARS ($21,928.20) and TWENTY CENTS, demands judgment against the defendant in the fifth cause of action in the sum of FOUR HUNDRED AND FIFTY THOUSAND ($ 450,000.00) DOLLARS, plus fees, all together with the costs, interest and disbursements of this action.

Dated:  New York, New York
        January 15, 2008

GERSHBAUM & WEISZ, PC.
Attorneys at Law

BY: CHARLES GERSHBAUM
192 Lexington Avenue, Suite 802
New York, NY 10016
(212) 385-2121

## VERIFICATION BY AFFIDAVIT

STATE OF NEW YORK,

COUNTY OF NEW YORK  ss:

Ben Greszes, being duly sworn, says:

I am a president of, PUNTODUE, LLC. D/B/A CASTLE STARR, the Plaintiff in the action herein: I have read the annexed

**Summons and Verified Complaint**

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my personal files.

_____
Ben Greszes
1/16/08

[Notary stamp: PURLAINE LIEBERMAN, Notary Public, State of New York]

Subscribed and sworn to before me
This 16 day of January, 2008

_____
Notary Public

SUPREME COURT STATE OF NEW YORK        Index #
COUNTY OF NEW YORK
----------------------------------------X
PUNTODUE, LLC. D/B/A CASTLE STARR,,
                        Plaintiff,
    -against-
BRADLEY CAMERON,
                        Defendant.
----------------------------------------X

## SUMMONS AND VERIFIED COMPLAINT

GERSHBAUM & WEISZ, PC.
**ATTORNEY FOR PLAINTIFFS**

192 Lexington Ave, Suite 802
New York, New York 10016
(212) 385-2121

The below signature attests to the following papers: SUMMONS AND VERIFIED COMPLAINT

By: _____
CHARLES GERSHBAUM, Esq.

PLEASE TAKE NOTICE:
[ ] NOTICE OF ENTRY
   that the within is a true copy of a     entered     in the office of the clerk of the within named     court on 200_ of the judges     of the within named Court,   at
        on      200_.

Dated:                                            New York, New York

                                                  Yours, etc.,

                                                  GERSHBAUM & WEISZ, PC.
                                                  **ATTORNEY FOR PLAINTIFF**
                                                  192 Lexington Ave, Suite 802
                                                  New York, New York 10016
                                                  (212) 385-2121